Ron MARTIN, Plaintiff,

v.

ATCHISON CASTING CORPORATION, Hugh Aiken, and Kevin T. McDermed, Defendants.

Thomas Faulds, Plaintiff,

v.

Atchison Casting Corporation, Hugh Aiken, and Kevin T. McDermed, Defendants.

Henry Ingerman, Jr., Plaintiff,

v.

Atchison Casting Corporation, Hugh Aiken, and Kevin T. McDermed, Defendants.

Larry Leblond, Plaintiff,

v.

Atchison Casting Corporation, Hugh Aiken, and Kevin T. McDermed, Defendants.

George L. Barwicke, Plaintiff,

v.

Atchison Casting Corporation, Hugh Aiken, and Kevin T. McDermed, Defendants.

Nos. 01–2013–JWL, 01–2031–JWL, 01–2033–JWL, 01–2059–JWL, 01–2081–JWL.

United States District Court, D. Kansas.

May 11, 2001.

Michael E. Waldeck, Angela K. Green, Niewald, Waldeck & Brown, P.C., Kansas City, MO, Willem, F. Jonckheer, Schubert & Reed LLP, San Francisco, CA, for plaintiff.

Michael Thompson, Lori J. Sellers, Blackwell Sanders Peper Martin, LLP, Kansas City, MO, Susan S. Muck, David J. Wood, Dean S. Kristy, Brobeck, Phleger & Harrison, San Francisco, CA, for defendants.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This matter comes before the court on a motion by Reich & Tang Assets Management, L.P., Henry and Joyce D. Ingerman, Ron Martin and Anthony W. Hill to consolidate five lawsuits, to be appointed lead plaintiffs and for approval of their selection of counsel (Doc. 5). The movants argue that these five lawsuits against Atchison Casting Corporation ("Atchison Casting"), Hugh Aiken and Kevin T. McDermed should be consolidated pursuant to Federal Rule of Civil Procedure 42. The movants also seek appointment as lead plaintiffs in the consolidated action and seek approval of Schubert & Reed, LLP as lead counsel and Niewald, Waldeck & Brown, P.C. as liaison counsel. The motion is made pursuant to 15 U.S.C. § 78u–4(a)(3) which requires that the plaintiff in a class action lawsuit arising under 15 U.S.C. § 78a-mm publish, in a widely circulated national business-oriented publication or wire service, a notice of the pendency of the action, the claims asserted therein and that any member of the purported class may move the court to serve as lead plaintiff of the class. Section 78u–4(a)(3) directs the court to consider motions made by purported class members in response to the notice and to appoint "the most adequate plaintiff as lead plaintiff."

Because the five lawsuits involve common questions of law and fact, the court orders the actions consolidated pursuant to Federal Rule of Civil Procedure 42. The court finds, pursuant to section 78u–4(a)(3), that Ron

Martin and Anthony W. Hill are the most adequate plaintiffs and appoints them as lead plaintiffs. The court declines to approve Mr. Martin and Mr. Hill's selection of lead counsel because the court has been provided with inadequate information to determine if the selection of Schubert & Reed is in the best interests of the purported class.

## ● Background

The case of *Ron Martin v. Atchison Casting Corporation, Hugh Aiken and Kevin McDermed*, 01–2013 JWL, was filed in the District of Kansas on January 8, 2001 and alleges violations of 15 U.S.C. § 78a–mm. The complaint requests that the court declare that the action is a proper class action and seeks damages on behalf of the class. Also on January 8, 2001, a "Notice of Pendency of Class Action" was published on a business wire and advised that all persons who purchased Atchison Casting common stock during the period of January 8, 1998 through November 3, 2000 may join the action and may move the court, no more than 60 days from January 8, 2001, to serve as lead plaintiff. Sixty days has passed since publication of the notice and only the motion by Reich & Tang Assets Management, L.P., Henry and Joyce D. Ingerman, Ron Martin and Anthony W. Hill has been filed by any members of the purported class seeking appointment as lead plaintiff.

In a response to the motion, the defendants assert that Reich & Tang Assets Management did not authorize the filing of the motion and does not wish to be a plaintiff in the lawsuit. The defendants attached a copy of a letter dated March 22, 2001, from counsel for Reich & Tang Assets Management stating that "Reich & Tang is not willing to be included in the above class action as a lead plaintiff." In their reply, counsel for Ron Martin and Anthony W. Hill advise the court that Reich & Tang Assets Management and Henry and Joyce Ingerman "no longer seek appointment as Lead Plaintiffs" but "reaffirm [Mr. Martin and Mr. Hill's] request to be appointed Lead Plaintiff and seek approval of their selection of Schubert & Reed as Lead Counsel and Niewald, Waldeck & Brown, P.C. as Liaison Counsel." Counsel for Mr. Martin and Mr. Hill also advise the court that "the law firm of Schiffrin & Barroway, LLP no longer seeks appointment as Lead Counsel." The reply indicates that Mr. Martin and Mr. Hill now request that the court approve Schubert & Reed, LLP as lead counsel.

## ● Discussion

Federal Rule of Civil Procedure 42 provides that "[w]hen actions involving a common question of law or fact are pending before the court ... it may order all the actions consolidated." Fed.R.Civ.P. 42(a). Five class action complaints were filed before this court naming Atchison Casting, Hugh Aiken and Kevin T. McDermed as defendants. All five complaints allege the same set of facts and set out the same two counts, a violation of Section 10(b) of the Exchange Act and Rule 10b–5 and a violation of 20(a) of the Exchange Act. Consolidation is appropriate when different plaintiffs seek the same relief in separate actions. *See* 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 2384 (2d ed.1995). The defendants, in their response to the motion to consolidate, agree that the cases should be consolidated. Consolidating these cases will be the most efficient solution for the court and will ease the burden of litigation on the parties. Pursuant to Rule 42, the court orders the five actions consolidated.

Section 78u–4(a)(3)(B)(ii) provides that if "more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions," the court shall appoint "the most adequate plaintiff" as lead plaintiff "[a]s soon as practicable after" a decision on the motion to consolidate is rendered. The statute also creates a rebuttable presumption that the most adequate plaintiff is the one who:

(aa) has either filed the complaint or made a motion in response to a notice [ ];

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). The presumption ... may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff—

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u–4(a)(3)(B)(iii)(II). Once appointed by the court, the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v).

Neither the Tenth Circuit nor the District of Kansas has authored an opinion discussing the appointment of a lead plaintiff pursuant to section 78u–4(a)(3). There are, however, a significant number of opinions by other district courts applying the presumption of the most adequate plaintiff and appointing lead plaintiffs under the statute. The opinions often decide which of several class members, or groups of class members, to have filed a motion with the court are the most adequate plaintiff. *See, e.g., Takeda v. Turbodyne Technologies, Inc.,* 67 F.Supp.2d 1129 (C.D.Cal.1999); *In re Network Associates, Inc., Securities Litigation,* 76 F.Supp.2d 1017 (N.D.Cal.1999). In some of these cases, only one motion is filed with the court but the motion presents a large group of class members seeking appointment to the position of lead counsel as a group. *See, e.g., Baan Co. Securities Litigation,* 186 F.R.D. 214 (D.D.C.1999); *Yousefi v. Lockheed Martin Corp.,* 70 F.Supp.2d 1061 (C.D.Cal.1999). A majority of courts addressing this latter situation have allowed the appointment of a group of plaintiffs as lead plaintiffs but have limited the size of the group so as to avoid frustrating the purpose of the statute. *See, e.g., Baan,* 186 F.R.D. 214, 217 ("The Lead Plaintiff decision should be made under a rule of reason but in most cases there should be the initial target, with five or six the upper limit."); *Yousefi,* 70 F.Supp.2d 1061, 1068 ("this Court finds that an aggregation of class members as large as the Lockheed Plaintiffs Group would frustrate the Act's purpose.").

In this case, only one motion was filed with the court seeking appointment as lead plaintiff. Of the five members of the group originally seeking the appointment, three members either never wanted to serve as lead plaintiff or, after the motion was filed, have decided that they no longer want to serve as lead plaintiff. Only two individual investors, Mr. Martin and Mr. Hill, still seek appointment as lead plaintiffs. According to affidavits submitted by the proposed lead plaintiffs, Mr. Hill purchased 220 shares of stock during the class period and Mr. Martin purchased 400 shares. They assert that these transactions amounted to a combined loss of $3,747.13. Reich & Tang Assets Management, according to the documents submitted with the motion, lost well over one million dollars.

Opinions written by other district courts emphasize that the purpose of the statute's requirement that the most adequate plaintiff be appointed is to ensure that institutional investors with expertise in securities and strong financial interests in the outcome of the litigation control the course of the lawsuit. *See Lucent Technologies, Inc., Securities Litigation,* 194 F.R.D. 137, 145 (D.N.J. 2000); *Gluck v. CellStar Corp.,* 976 F.Supp. 542, 548 (N.D.Tex.1997) ("The legislative history of the Reform Act is replete with statements of Congress' desire to put control of such litigation in the hands of large, sophisticated institutional investors."). Legislative history indicates that Congress believed that large institutional investors would be in a better position to control the litigation and prevent class action lawyers and "professional plaintiffs" from determining the course of the litigation and making large profits to the detriment of shareholders. *See In re Party City Securities Litigation,* 189 F.R.D. 91, 103 (D.N.J.1999). It would be proper for this court to consider legislative intent in deciding who to appoint as lead plaintiff if there were competing motions for appointment as lead plaintiff and the plain language of the statute was not clear regarding who is the most adequate plaintiff. Such is not the case.

Only one motion for appointment as lead plaintiff was filed with the court and only two small individual investors still seek appointment as lead plaintiffs.

The statute requires that the court appoint a lead plaintiff. 15 U.S.C. 78u–4(a)(3)(B)(ii) ("the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions in accordance with this paragraph."); see Yousefi, 70 F.Supp.2d at 1069–70 ("interpreting the statute as requiring that the court designate a lead plaintiff even if it finds that the only proposed group of lead plaintiffs is too large."). The statute does not give the court the authority to appoint as lead plaintiff members of the purported class who have not either filed the complaint or made a motion in response to the notice about the lawsuit. The statute also requires that anyone seeking to serve as lead plaintiff file a certification with the court setting out information that allows the court to determine if the individual or institution is qualified to serve as a representative party. 15 U.S.C. 78u–4(a)(2); see Burke v. Ruttenberg, 102 F.Supp.2d 1280, 1319 (N.D.Ala.2000); Aronson v. McKesson HBOC, Inc., 79 F.Supp.2d 1146, 1155 (N.D.Cal.1999). Only Mr. Martin and Mr. Hill have met these requirements and still seek appointment as lead plaintiffs.

The statute directs the court to "adopt a presumption that the most adequate plaintiff" is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice [ ];

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Some courts have interpreted this provision to mean that the presumptively most adequate plaintiff is the person or group of persons that have either filed the suit or moved the court to be appointed as lead plaintiff and, of these persons or groups of persons, has the largest financial interest and

otherwise satisfies the requirements of Rule 23. See, e.g., Burke, 102 F.Supp.2d at 1340–41 ("A lead plaintiff movant, to be presumed most adequate plaintiff, need not demonstrate that it satisfies each of the prerequisites, but merely that he, she, or it best satisfies the factors listed."). Other courts have interpreted the provision to mean that the presumption only arises when the person or group of persons having the largest financial interest in the purported class of plaintiffs seeks appointment as lead plaintiff. See In re Lucent Technologies, Inc., Securities Litigation, 194 F.R.D. at 148 ("a presumption of adequacy arises when the 'group of persons' having the largest financial interest among the named plaintiffs in the class action seeks appointment as lead plaintiff."). This court need not choose between these conflicting interpretations because, whether or not Mr. Martin and Mr. Hill are the presumptively most adequate plaintiffs, the court must appoint a lead plaintiff and the only option available to the court is to appoint Mr. Martin and Mr. Hill.[1]

While several courts have rejected the idea that a large group of purported class members can be appointed as lead plaintiffs, see, e.g., Baan, 186 F.R.D. at 217–18 (rejecting a proposed group of 466 individuals), the decisions generally conclude that the statute permits a small group of plaintiffs to be appointed as lead plaintiffs, see, e.g., Yousefi, 70 F.Supp.2d at 1070–71 (rejecting a proposed group of 137 individuals and appointing two lead plaintiffs). The statute establishes a presumption that the most adequate plaintiff is "the person or group of persons" meeting certain criteria. Thus, the language of the statute indicates that multiple plaintiffs can be appointed as lead plaintiffs. Legislative intent, relied upon by courts rejecting large groups of class members, does not suggest that a group of two investors cannot serve as lead plaintiffs. See Advanced Tissue Sciences Securities Litigation, 184 F.R.D. 346 (S.D.Cal.1998) (refusing to appoint groups of 250 and 165 purported class members and,

---

1. For the same reason, the court need not determine whether Mr. Martin and Mr. Hill "otherwise satisfy the requirements of Rule 23."

instead, appointing a group of six as lead plaintiffs).

Because Mr. Martin and Mr. Hill are the only members of the purported class who wish to be appointed as lead counsel and have complied with the requirements for appointment, they are, by default, the most adequate plaintiffs. The court is required by the statute to appoint a lead plaintiff and, therefore, the court appoints Ron Martin and Anthony Hill as lead plaintiffs.

Mr. Martin and Mr. Hill seek approval of their choice of Schubert & Reed, LLP as lead counsel and Niewald, Waldeck & Brown, P.C. as liaison counsel. The statute provides that the lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." "The lead plaintiff owes a fiduciary duty to obtain the highest quality representation at the lowest price." *In re Network Associates, Inc., Securities Litigation,* 76 F.Supp.2d 1017, 1033 (N.D.Cal.1999). The selection of lead counsel must be the product of "independent, arms length negotiations." *In re Party City Litigation,* 189 F.R.D. at 115; *In re Lucent Technologies, Inc., Securities Litigation,* 194 F.R.D. at 155.

■ The original motion sought the appointment of Schiffrin & Barroway, LLP as lead counsel and the reply indicates that Mr. Martin and Mr. Hill now seek the appointment of Schubert & Reed, LLP as lead counsel. The reply contains an attachment setting out the qualifications of Schubert & Reed. The reply, however, provides no basis for the court to determine why Mr. Martin and Mr. Hill now seek to have Schubert & Reed appointed as lead counsel, other than indicating that Schiffrin & Barroway, LLP no longer wants to serve as lead counsel. Based on the limited information provided, the court is unable to determine if approval of Schubert & Reed as lead counsel is in the best interests of the class. The court, therefore, declines to approve Mr. Martin and Mr. Hill's selection of Schubert & Reed as lead counsel.

The lead plaintiffs should submit to the court, within 30 days from the date this order is filed, evidence that they have conducted a thorough search for lead counsel and that the agreement reached with Schubert & Reed will provide quality representation at a reasonable price, including the proposed fee basis for representation of the class. Mr. Martin and Mr. Hill, of course, may continue searching for lead counsel and may submit to the court, within 30 days from the date this order is filed, the same evidence with regard to a different law firm. Finally, the statute does not provide a basis for the court to approve an official "liaison counsel." [2] Lead counsel, once approved, may choose local counsel at its discretion.

**IT IS THEREFORE ORDERED** that the motion by Reich & Tang Assets Management, L.P., Henry and Joyce D. Ingerman, Ron Martin and Anthony W. Hill to consolidate five lawsuits, to be appointed lead plaintiffs and for approval of their selection of counsel (Doc. 5) is granted in that the five lawsuits are ordered consolidated and Ron Martin and Anthony Hill are appointed lead plaintiffs of the consolidated lawsuit. The motion is denied in that the court does not appoint Reich & Tang Assets Management, L.P. or Henry and Joyce D. Ingerman as lead plaintiffs and does not at this time approve Mr. Martin and Mr. Hill's choice of lead counsel. The lead plaintiffs should submit to the court, within 30 days from the date this order is filed, evidence that they have conducted a thorough search for lead counsel and have reached an agreement with a law firm that will provide quality representation at a reasonable price, including the proposed fee basis for representation of the class.

---

**2.** The court does not read the motion or the reply as requesting approval of Niewald, Waldeck & Brown, P.C. as co-lead counsel. If Mr. Martin and Mr. Hill are to request co-lead counsel, their proposal to the court should justify the need for two law firms.