In re SPRINT CORPORATION
SECURITIES LITIGATION

This Document Relates To: All Actions
No. 01–4080–DES.

United States District Court,
D. Kansas.

Sept. 28, 2001.

Karen D. Renwick, R. Frederick Walters, Kip D. Richards, Walters, Bender, Strohbehn & Vaughan, P.C., Kansas City, MO, William S. Lerach, Milberg, Weiss, Bershad, San Diego, CA, for Plaintiff.

J. Emmett Logan, Morrison & Hecker LLP, Kansas City, MO, Mark A. Thornhill, Spencer, Fane, Britt & Browne, Kansas City, MO, R. Lawrence Ward, Russell S. Jones, Jr., Shughart, Thomson & Kilroy, P.C., Kansas City, MO, N. Louise Ellingsworth, Bryan Cave, LLP, Kansas City, MO, for Defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiff New England Health Care Employees Pension Fund's Motion to Appoint the New England Health Care Employees Pension Fund; the Amalgamated Bank, as Trustee for the Longview Collective Investment Fund; the Employer–Teamster Local Nos. 175 & 505 Pension Trust Fund; the United Brotherhood of Carpenters; Pace Industry Union–Management Pension Fund; and Plumbers & Pipefitters National Pension Fund as Lead Plaintiff Pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 and to Approve Lead Plaintiff's Choice of Counsel (Doc. 36).[1] The movants identify themselves as the "Institutional Investor Group." For the following reasons, the Institutional Investor Group's motion shall be granted.

## I. BACKGROUND

This consolidated but yet uncertified class action has been brought against defendants for violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a et seq. The allegations ostensibly arise from representations made by defendants in relation to the proposed merger of the Sprint Corporation ("Sprint") and WorldCom, Inc. ("WorldCom"). The corporate entities and certain senior officers and directors of the corporations are named as defendants. The purported plaintiff class is comprised of individuals who purchased various Sprint publically traded securities during the pe-

---

1. In accordance with the court's previous Order (Doc. 38), three pending actions were consolidated under the 01–4080–DES case number. In all three cases, identical motions were filed requesting the same group be appointed lead plaintiff. (01–2415–DES Doc. 6; 01–4115–DES Doc. 5).

riod between October 4, 1999, and September 19, 2000 ("Class Period").

On October 4, 1999, Sprint and World-Com, two of the world's largest telecommunications providers, entered into a merger agreement. Plaintiffs allege that

> between October 4, 1999 (the day the merger was announced) and September 19, 2000 (when Sprint's 3rdQ00 results were announced), defendants: (1) issued a series of positive, false statements about the possibility of Sprint's merger with WorldCom closing, even though they knew that the merger faced significant regulatory opposition and expected the merger to be blocked by regulators; and (2) defendants issued false and misleading statements about their 1Q00 financial statements in order to artificially inflate their stock prices and help ensure that the merger would be approved by shareholders.

(Institutional Investor Group's Mem. at 3). Plaintiffs further allege defendants sought shareholder approval of the merger because such approval would trigger a "change in control" provision within the individual defendants' stock option agreements. The provision was triggered solely by the shareholder vote; irrespective of the viability of the merger in light of regulatory opposition. The activation of the provision allegedly allowed for the immediate vesting of over $1 billion in·previously unexercisable stock options.

The procedure governing this securities action is found in the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u–4, which mandates a number of steps be taken by the court and

counsel in the early stages of the proceedings. The instant motion seeks to have the Institutional Investor Group appointed lead plaintiff. 15 U.S.C. § 78u–4(a)(3).

## II. DISCUSSION

### A. Lead Plaintiff

■ To be appointed lead plaintiff, the Institutional Investor Group must satisfy several specific statutory requirements embedded within the PSLRA and the traditional requirements of typicality and adequacy as elucidated by Rule 23 of the Federal Rules of Civil Procedure.[2] The court first finds plaintiff New England Health Care Employees Pension Fund ("New England Fund") has satisfied the PSLRA's requirement for early notice to class members. See 15 U.S.C. § 78u–4(a)(3)(A)(i) ("not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class ..."); Id. § 78u–4(a)(3)(A)(ii) (mandating that when multiple actions have been filed on behalf of the class asserting similar claims, only the first plaintiff to file such an action need give notice). On June 25, 2001, the New England Fund timely had published in the *Business Wire* adequate notice as directed by the PSLRA.[3]

No later than sixty days after publication of the class notice, any member of the class may move the court to serve as lead plaintiff for the purported class. *Id.*

---

**2.** The court acknowledges this analysis may be unnecessary considering only one motion for the appointment of lead plaintiff was timely filed. *See Martin v. Atchison Casting Corp.,* 200 F.R.D. 453 (D.Kan.2001) (finding court had no option but to appoint the only applicant for lead plaintiff status under the PSLRA). However, the court will, out of an

abundance of caution, briefly proceed in its analysis.

**3.** Of the three now consolidated actions, *New England Health Care Employees Pension Fund v. Sprint Corp.,* No. 01–4080–DES was filed first on June 25, 2001.

§ 78u–4(a)(3)(A)(i)(II). To date, only the Institutional Investor Group has filed a request to be appointed lead plaintiff.

In deciding who shall be appointed lead plaintiff,[4] the court must determine which plaintiff or plaintiffs are the "most capable of adequately representing the interests of class members ...." *Id.* § 78u–4(a)(3)(B)(i). The PSLRA sets forth a rebuttable presumption that the most adequate plaintiff is the one who:

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u–4(a)(3)(B)(iii)(I).

> This presumption
>
> may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff–
>
> (aa) will not fairly and adequately protect the interests of the class; or
>
> (bb) is subject to unique defenses that renders such plaintiff incapable of adequately representing the class.

*Id.* § 78u–4(a)(3)(B)(iii)(II).

As to the presumption, it is axiomatic the Institutional Investor Group satisfies the first element. As to the second element, the Institutional Investor Group alleges its six members purchased Sprint's securities at prices artificially inflated due to defendants' representations, and, as a result of these representations, it has lost $6.3 million. The Institutional Investor Group submits it believes this loss represents the largest financial relief sought by any member of the purported class. With no showing to the contrary on record, the Institutional Investor Group's showing is sufficient for satisfaction of the financial interest element.

▮▮▮ Finally, the court turns to the typicality and adequacy requirements set forth in Rule 23.[5] The most adequate plaintiff must assert claims, which are typical of those of the class. "Typicality exists where the 'injury and the conduct are sufficiently similar.'" *In re Ribozyme Pharm., Inc. Sec. Litig.*, 192 F.R.D. 656, 658 (D.Colo.2000) (citing *Bayles v. American Medical Response of Colorado, Inc.*, 950 F.Supp. 1053 (D.Colo.1996)). "Further, differing fact situations of class members do not defeat typicality under Rule 23(a)(3) so long as the claims of the class representative and class members are based on the same legal or remedial theory." *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir.1988) (citing *Milonas v. Williams*, 691 F.2d 931, 938 (10th Cir. 1982), *cert. denied*, 460 U.S. 1069, 103 S.Ct. 1524, 75 L.Ed.2d 947 (1983); *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1189 (10th Cir.1975)). The claims of the Institutional Investor Group are typical of the class, for like all class members they: (1) purchased, during the class period, Sprint's publically traded securities; (2) at allegedly artificially inflated prices caused

---

4. The PSLRA directs a court to consider any motions for the appointment of lead plaintiff within ninety days from the date on which the class notification was published. 15 U.S.C. § 78u–4(a)(3)(B)(i). In cases, however, where the court has consolidated separate actions, the PSLRA mandates that the motions be ruled upon "[a]s soon as practicable." *Id.* § 78u–4(a)(3)(B)(ii).

5. As noted by the Institutional Investor Group, only Rule 23's factors of typicality and adequacy are relevant when considering the personal characteristics of a particular representative plaintiff. The remaining factors of numerosity and commonality are, therefore, reserved for consideration when the court addresses the issue of class certification.

by defendants' representations; and (3) allegedly suffered harm. *See Ribozyme,* 192 F.R.D. at 658–59 (finding plaintiffs' claims typical under Rule 23 within the PSLRA context).

Likewise, the court has no difficulty in finding the Institutional Investor Group will "fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). The court is unaware of any possible conflict, which would impede its representation, nor does the court question the qualification, experience, or ability of its selected counsel to vigorously and competently advance this complex litigation. Therefore, the court finds that the Institutional Investor Group satisfies the dictates of Rule 23. Having met all three statutory elements, the Institutional Investor Group is entitled to the presumption of most adequate plaintiff under the PSLRA.

With no evidence rebutting the presumption before it, the court is persuaded to find the Institutional Investor Group is the most adequate plaintiff, and the court shall grant the motion to appoint it as lead plaintiff.

### B. Lead Counsel

■ The PSLRA directs that once a lead plaintiff has been appointed, the lead plaintiff shall, with the court's approval, select lead counsel. 15 U.S.C. § 78u–4(a)(3)(B)(v). The Institutional Investor Group has selected the firms of Milberg, Weiss, Bershad, Hynes & Lerach, L.L.P., San Diego, California, and Scott & Scott, L.L.C., Colchester, Connecticut, as co-lead counsel. The court has reviewed the firms' respective résumés, and, as alluded to above, finds both firms are highly qualified to participate in this action. Approving co-lead counsel is not, however, without inherent risk. Co-lead counsel are hereby on notice that the court will not approve any possible award of fees and expenses that reflects duplication, inefficiency, or the costs of coordinating the efforts of the two firms. *See* 15 U.S.C. § 78u–4(a)(6) (limiting the total award of attorneys' fees and expenses to "a reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class"). Additionally, the court will not tolerate co-lead counsel speaking with a divided voice. Therefore, the firms are directed to unify and coordinate their contacts with defendants and defense counsel.

■ The instant motion also requests the approval of Walters, Bender, Strohbehn & Vaughan, P.C., Kansas City, Missouri, to act as liaison counsel. Within complex litigation, such liaison or local counsel are routinely responsible for

> essentially administrative matters, such as communications between the court and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group), convening meetings of counsel, advising parties of developments in the case, and otherwise assisting in the coordination of activities and positions. Such counsel may act for the group in managing document depositories and in resolving scheduling conflicts. Liaison counsel will usually have offices in the same locality as the court.

MANUAL FOR COMPLEX LITIGATION (THIRD) § 20.221 (1995). While the court agrees liaison counsel may aid in the effective progression of this case, the court is hesitant to approve an out-of-state law firm. Routinely, liaison counsel will inform and assist lead counsel in complying with the court's procedural rules and dictates. The court questions the effectiveness of local counsel who is not in fact local. On the other hand, the firm has been objectively effective in its role to date. Therefore, the court reluctantly approves lead plaintiff's selection of liaison counsel. Liaison coun-

sel is, however, placed on notice that the court will give little weight to any requests by liaison counsel for accommodations due to their unique out-of-state locale.[6]

Finally, the court expressly reminds the Institutional Investor Group and all counsel that the court will not hesitate to revisit the approval of counsel if any of the above conditions are not satisfied.

## III. CONCLUSION

For the reasons set forth above, the court hereby appoints the Institutional Investor Group as lead plaintiff in this consolidated action. Additionally, based on the conditions established above, the court approves the selection of Milberg, Weiss, Bershad, Hynes & Lerach, L.L.P., San Diego, California, and Scott & Scott, L.L.C., Colchester, Connecticut, as co-lead counsel, and the court approves the selection of Walters, Bender, Strohbehn & Vaughan, P.C., Kansas City, Missouri, as liaison counsel.

**IT IS THEREFORE BY THIS COURT ORDERED** that the New England Health Care Employees Pension Fund's Motion to Appoint the New England Health Care Employees Pension Fund; the Amalgamated Bank, as Trustee for the Longview Collective Investment Fund; the Employer–Teamster Local Nos. 175 & 505 Pension Trust Fund; the United Brotherhood of Carpenters; Pace Industry Union–Management Pension Fund; and Plumbers & Pipefitters National Pension Fund as Lead Plaintiff Pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 and to Approve Lead

Plaintiff's Choice of Counsel (Doc. 36) is granted.

---

6. Liaison counsel is also reminded to strictly comply with the court's rules regarding authorized appearances. *See* D. Kan. Rule 83.5.1(b) ("No attorney shall be permitted to appear in any action or proceeding merely because he is associated in a firm, partnership or corporation, one or more members of which are admitted to practice in this court.").